(117 App. Div. 786)

COLE et al. v. MENDENHALL.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

CONTRACTS — REQUISITES AND VALIDITY — CONSIDERATION — FORBEARANCE— AGREEMENT.

Plaintiffs were real estate brokers, and were engaged by defendant to find him a house. They found the house of one H., which he agreed to sell to defendant for a certain sum, on condition that he be relieved from all liability for commission to plaintiffs. For a consideration of $100, which defendant promised to pay, plaintiffs agreed not to insist upon commission from H. *Held*, that the forbearance of the plaintiffs, for the benefit of defendant, to assert their claim for commission from H., af-forded a sufficient consideration for the promise to pay $100.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 316-327.]

Appeal from Westchester County Court.

Action by Abram H. Cole and another, doing business as A. H. Cole & Son, against Clarence M. Mendenhall. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Herbert A. Knox, for appellant.

Charles A. Van Auken, for respondents.

WOODWARD, J. The facts, as they have been found by the jury upon sufficient evidence, appear to be as follows: The plaintiffs are engaged in the real estate business in New Rochelle. The defendant went to them, looking for a house to rent. During the time that the parties were looking for a suitable house, the plaintiffs and defendant discovered a house known as the "Haulenbeek house." It bore a sign stating that it was for sale. Defendant asked plaintiffs to make inquiries in reference to the same, and some negotiations were undertaken, resulting in the owner of the house offering to accept $15,000 for the same. Subsequently the defendant rented a place through the efforts of the plaintiffs, and then entered into a direct negotiation with Haulenbeek for the purchase of the Haulenbeek house. This resulted in Haulenbeek agreeing to accept $13,500 for the premises, provided he was not called upon to pay any broker's commissions. The defendant went to the plaintiffs, and the latter, for a consideration of $100, agreed not to insist upon any commissions from Haulenbeek, and with this understanding the deal between the defendant and Haulenbeek was consummated.

It is not necessary to determine here whether the plaintiffs had any valid claim against Haulenbeek. The latter assumed that there might be a claim against him for commissions, and he refused to sell at the terms which the defendant was willing to offer, except on condition that he should be relieved of such claim, and the plaintiffs, having a clear legal right to litigate the question of Haulenbeek's liability to them, relinquished the right upon the promise of the defendant to pay him $100, and the defendant was thus enabled to carry out his purpose and secure the premises which he desired at $1,500 less than originally demanded for the same. We are of opinion that there was such a forbearance, for the benefit of the defendant, on the part of the plaintiffs, as to afford a consideration for the promise, and that the judgment in favor of the plaintiffs should be supported.

The judgment and order appealed from should be affirmed, with costs. All concur.